# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 18, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DAVID DEOCAMPO, | * | UNPUBLISHED |
| Petitioner, | * | No. 23-319V |
| v. | * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

<u>Catherine Wallace Costigan</u>, Mctlaw, Washington, DC, for Petitioner.
<u>Voris Edward Johnson</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 3, 2023, David DeOcampo ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that he suffered Bell's Palsy as a result of the influenza ("flu") vaccine he received on November 21, 2020. Petition at ¶¶ 1, 14 (ECF No. 1). A decision based on stipulation issued on February 7, 2025. Decision Based on Stipulation dated Feb. 7, 2025 (ECF No. 59).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On February 20, 2025, Petitioner filed an application for attorneys' fees and costs. Petitioner's Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs ("Pet. Mot."), filed Feb. 20, 2025 (ECF No. 63). Petitioner requests compensation in the amount of $59,602.27, representing $47,476.00 in attorneys' fees and $12,126.27 in costs. Id. at 1-2. Petitioner warrants that he has not personally incurred any costs in pursuit of his claim for compensation. Id. at 2. Respondent filed his response on March 10, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Mar. 10, 2025, at 2 (ECF No. 65). Petitioner filed a reply on March 10, 2025, reiterating his request for attorneys' fees and costs. Pet. Reply to Resp. Response, filed Mar. 10, 2025 (ECF No. 66). The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Altom Maglio, $445.00 per hour for work performed in 2021; for Ms. Anne Toale, $475.00 per hour for work performed in 2021 and $570.00 per hour for work performed in 2024; for Ms. Catherine Costigan, $345.00 per hour for work performed in 2022, $470.00 per hour for work performed in 2023, $395.00 per hour for work performed in 2024, and $435.00 per hour for work performed in 2025; for Ms. Danielle Strait, $415.00 for work performed in 2022 and $450.00 per hour for work performed in 2023; for Ms. Diana Stadelnikas, $490.00 per hour for work performed in 2022, $525.00 per hour for work performed in 2023, and $560.00 per hour for work performed in 2024; for Ms. Elizabeth Abramson, $225.00 per hour for work performed in 2021; for Ms. Jessica Olins, $355.00 per hour for work performed in 2024; and for Ms. LeeAnne Pedrick, $195.00 per hour for work performed in 2021. Petitioner also requests rates from $155.00 to $190.00 for work performed by counsel's paralegals from 2021 to 2025.

The undersigned finds the rates consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.

Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and largely supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.[3]

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

---

[3] Dr. Joseph Rizzo and Petitioner requested an increased rate of $775.00. The undersigned will grant his costs in full based on the overall reasonableness of the total amount billed, work performed, and efficiency. The undersigned does not take a position on his requested increase in hourly rate.

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $59,602.27, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>/s/ Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.